IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| STEPHEN J. METZLER,<br><br>        Plaintiff,<br><br>   v.<br><br>COMMISSIONER, Social<br>Security Administration,<br><br>        Defendant. | Case No. 3:16-cv-02000-SU<br><br>**OPINION<br>AND ORDER** |

SULLIVAN, United States Magistrate Judge:

      Plaintiff Stephen J. Metzler brings this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), for judicial review of a final decision by the Commissioner of Social

Security (the "Commissioner"). The Commissioner denied plaintiff Disability Insurance Benefits ("DIB") under Title II of the Act. 42 U.S.C. § 401 *et seq.* For the following reasons, the Court REVERSES the Commissioner's decision and REMANDS for further proceedings.

## PROCEDURAL BACKGROUND

Plaintiff applied for DIB on November 30, 2012, with an alleged disability onset date of July 1, 2007. Tr. 166-72.[1] His claim was denied initially on March 18, 2013, and on reconsideration on July 25, 2013. Tr. 89-101, 102-16. Administrative Law Judge ("ALJ") Riley J. Atkins held a hearing on February 25, 2015. Tr. 39-88. Plaintiff testified at the hearing, represented by counsel; a vocational expert ("VE"), Gary R. Jesky, also testified, as did plaintiff's wife, Emily Anne Metzler-Somervell. *Id.* On April 1, 2015, the ALJ issued a decision finding plaintiff not disabled under the Act and denying him DIB. Tr. 24-34. Plaintiff requested review before the Appeals Council, Tr. 19, which was denied August 18, 2016, Tr. 1-4. Plaintiff then sought review before this Court.[2]

## FACTUAL BACKGROUND

Born in 1970, plaintiff is married and has two young children. Tr. 43, 55, 166, 221, 234. He graduated from high school and has completed some college coursework. Tr. 196, 544. Plaintiff previously worked as a warehouse manager and test/service center manager, and in contracting and sales. Tr. 44, 49, 100, 176, 188, 247, 288. Plaintiff suffers from multiple sclerosis ("MS"), which causes intense fatigue and significant vision problems. Tr. 43, 46-48, 186, 196. Plaintiff has also experienced depression, post-traumatic stress disorder, and an anxiety disorder. Tr. 54, 94, 306, 335, 410, 547, 551.

---

[1] Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer. (Docket Nos. 14, 15).
[2] The parties have consented to the Magistrate Judge's jurisdiction pursuant to 28 U.S.C. § 636. (Docket No. 4).

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) ("[The court] must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). The "court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R.

§§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the ALJ must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities the claimant may still perform on a regular and continuing basis despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). The Commissioner proceeds to the fourth step to determine whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

### THE ALJ'S DECISION

The ALJ first found that plaintiff last met the Act's insured status requirements on December 31, 2012. Tr. 26. At step one, the ALJ found that plaintiff did not engage in

substantial gainful activity from the alleged onset date through the date last insured. *Id.* At step two, the ALJ found that plaintiff had the severe impairment of MS. *Id.* The ALJ found that the following were medically determinable but not severe impairments for plaintiff: depression, post-traumatic stress disorder, alcohol and drug use, and an anxiety disorder. Tr. 27. At step three, the ALJ found that plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment. Tr. 28. The ALJ found that plaintiff had the RFC to perform light work, with certain physical and social limitations. Tr. 28-29. At step four, the ALJ found plaintiff unable to perform past relevant work. Tr. 31. At step five, the ALJ found that plaintiff could perform jobs that exist in significant numbers in the national economy, including janitor and packager/sorter, and so determined that plaintiff was not disabled under the Act during the period of the alleged onset date through the date last insured. Tr. 33.

## ANALYSIS

Plaintiff argues that the Commissioner erred in two regards: (1) the ALJ failed to treat Somervell's lay witness testimony as competent evidence, despite crediting her uncontradicted testimony as credible; and (2) the Commissioner rejected, without providing specific and legitimate reasons supported by substantial evidence, the opinion of plaintiff's treating physician, Robert Rosenbaum, M.D., that plaintiff was limited to only 30 hours of work per week. The Court finds that the Commissioner erred in both respects.

### I.     Emily Anne Metzler-Somervell's Lay Witness Testimony

Plaintiff's wife, Emily Anne Metzler-Somervell, testified at the hearing regarding plaintiff's limitations. Tr. 63-81. She testified to plaintiff's need to nap at least two or three times per day due to exhaustion; his frequent irritability, difficulty thinking, frustration, problems interacting with others, impaired vision, and slowed functioning; his exacerbated symptoms

during "flare-ups" and "bad days"; and "horrible days" when he is unable to function. Tr. 65-66, 70-76.[3]

In evaluating Somervell's testimony, the ALJ stated that although there was "no doubt" that her "observations of the symptoms are genuine, there is simply insufficient evidence they disable [plaintiff] from all work based on the evidence currently contained in the medical record." Tr. 30. Plaintiff argues that the ALJ, despite finding Somervell's testimony "genuine," did not treat her testimony as competent lay witness testimony because he neither properly considered it nor gave germane reasons to reject it.

"Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). "Such testimony is competent evidence and *cannot* be disregarded without comment." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (quotation omitted, emphasis in original). "[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition." *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). "Disregard of this evidence violates the [Commissioner's] regulation that he will consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Id.* at 919 (quotation omitted); *see also Knepper v. Massanari*, 18 F. App'x

---

[3] Somervell's testimony regarding "bad" and "horrible" days is supported by plaintiff's own testimony regarding "bad" and "worse" days, when his symptoms are significantly exacerbated and he is largely unable to function, and which days occur "[p]robably at least like three days a week." Tr. 56-57. Plaintiff also testified that, at his previous job as a warehouse manager, he addressed his MS-induced fatigue by finding places in the warehouse to discreetly nap, at least as far back as 2005. Tr. 44-46. The medical record since 2005 and through the relevant period supports plaintiff's and Somervell's testimony regarding MS-related fatigue and its limitation on functioning despite prescribed medication. *See, e.g.*, 303-07 (July 28, 2005); 300-02 (Oct. 3, 2005); 294-96 (Mar. 17, 2006); 288-90 (Oct. 8, 2007); 327-28 (June 9, 2008); 416-18 (Nov. 20 & 25, 2009); 452-54 (Apr. 27 & 28, 2011); 391-98 (Apr. 23 & 27, 2012); 390 (Nov. 13, 2012).

561, 562 (9th Cir. 2001) (holding that the ALJ erred in "failing to fully consider lay testimony, including that of [plaintiff] and her mother, in determining the onset date of" plaintiff's impairments, "as the medical experts were unable to determine the onset date").

The ALJ, other than finding Somervell's testimony "genuine," did not discuss it. He did not discount it, or provide any germane reasons for discounting it. This was error. The ALJ was required either to accept Somervell's testimony or provide reasons to discount it. Crediting Somervell's testimony regarding plaintiff's regular napping, along with the VE's testimony that a "hypothetical claimant [who], because of a combination of limitations from medically-determinable impairments, were absent from the workplace at unpredictable times that such rose to the level of four to eight hours a week" would not be able to "sustain[] competitive employment" in any field, Tr. 85, may lead to the conclusion that plaintiff is unable to sustain any competitive full-time employment and is therefore disabled. Indeed, plaintiff argues that the ALJ "fully credited" Somervell's testimony, Pl. Br., at 2 (Docket No. 16), and that this, together with the VE's testimony, compels a finding that plaintiff is unable to work. However, the ALJ did not fully *credit* Somervell's testimony, but rather found her observations *genuine*, i.e., sincere or honest. Thus, although the ALJ's finding of genuineness does not itself require the ALJ to fully credit Somervell's testimony, he still had to properly consider it.

The Commissioner argues that the ALJ's reasons for discounting plaintiff's own testimony apply equally to Somervell's testimony, and that these reasons—despite the ALJ's not explicitly stating them—count as valid reasons to discount her testimony. *See Valentine v. Comm'r*, 574 F.3d 685, 694 (9th Cir. 2009) ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting [plaintiff's] own subjective complaints, and because [plaintiff's wife's] testimony was similar to such complaints, it follows that the ALJ also gave

germane reasons for rejecting [the wife's] testimony."). However, none of the reasons the Commissioner discusses is relevant to Somervell's testimony regarding plaintiff's required napping, which is the key element of her testimony considering the VE's testimony. That plaintiff presented at appointments as not in "apparent distress" or with "normal" appearance, that some of his symptoms were relatively "benign," that with medication certain symptoms were "relatively well-managed," and that one medical report described his MS as "relatively mild," *see* Def. Br., at 7-9 (Docket No. 17), do not provide any reason to conclude that Somervell was incorrect about plaintiff's need for napping regularly. Also, plaintiff's daily activities do not contradict the severity of the symptoms that Somervell describes. The Commissioner describes plaintiff as caring for two young children. In fact, the record shows Somervell was home from work three days each week; one child was in childcare four days each week; plaintiff received help from neighbors when needed; and plaintiff was unable to care for children during flare-ups, requiring Somervell to take extended leave. Tr. 55-58, 75-77. Also, plaintiff still napped when caring for their youngest child by aligning their nap schedules. Tr. 58. The record's sparse reference to "Routine physical activity: soccer and running" (from June 2010), Tr. 430, is too cursory to imply anything about plaintiff's abilities and does not undermine plaintiff's or Somervell's testimony.

The Commissioner also argues that plaintiff's testimony, and Somervell's, merits less weight because plaintiff stopped working only because his employer moved out of state, not because of MS. However, the evidence is that he stated that he stopped working because "My employer moved out of state, [and] I was unable to find employment I was *able to do with my MS symptoms*." Tr. 187 (emphasis added). This does not undercut plaintiff's testimony, and is

irrelevant to Somervell's testimony. Therefore, none of the ALJ's criticisms of plaintiff's testimony is a germane reason to discredit Somervell's.

On remand, the ALJ must fully consider Somervell's testimony and determine how much weight to assign it, if any.

## II.    Dr. Robert Rosenbaum's Opinion

Following the hearing, plaintiff submitted additional medical evidence from his treating physician, Robert Rosenbaum, M.D., who stated that "[b]ecause of neurological illness, [plaintiff] should only work 30 hours per week at this time." Tr. 553. The Appeals Council considered this evidence and made it part of the administrative record. Tr. 6. Plaintiff argues that the Commissioner rejected this treating physician opinion without substantial evidence.

"[I]f a treating physician's medical opinion is supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). "An ALJ may reject the uncontradicted medical opinion of a treating physician only for 'clear and convincing' reasons supported by substantial evidence in the record." *Id.* "Similarly, an ALJ may reject a treating physician's uncontradicted opinion on the ultimate issue of disability only with 'clear and convincing' reasons supported by substantial evidence in the record." *Id.* at 1202-03.

The Commissioner must consider all evidence in the administrative record, *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014), including evidence submitted to and considered by the Appeals Council after the ALJ's hearing, *Brewes v. Comm'r*, 682 F.3d 1157, 1162 (9th Cir. 2012). The court must include such evidence in its review of the "record as a whole" for "substantial evidence." *Id.* If the new evidence changes the record as a whole in a substantial

manner, the ALJ's decision no longer reflects substantial evidence in the record. *Id.* at 1163; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1030 n.2 (9th Cir. 2007).

The Commissioner has not presented any justification, much less one based on substantial evidence, for not crediting Dr. Rosenbaum's opinion that plaintiff is limited to less than full-time employment. Dr. Rosenbaum's opinion does change the record as a whole in a substantial manner such that the ALJ's decision no longer reflects substantial evidence in the record. The ALJ himself stated, in concluding that "the [plaintiff's] allegations of a total inability to work [are] less credible and unsupported by the record as a whole," that "the medical record does not contain a statement from any physicians stating the [plaintiff] is disabled from all work." Tr. 30. Dr. Rosenbaum's opinion provides this statement. Here, because Dr. Rosenbaum provides the only treating doctor's opinion, the ALJ would be required to give it controlling weight absent a contradictory opinion or other reason to discount it.

The Commissioner's arguments as to why Dr. Rosenbaum's opinion does not undermine the ALJ's decision are not convincing. The Commissioner argues that the phrasing of Dr. Rosenbaum's opinion—that plaintiff "*should* only work 30 hours per week," Tr. 553 (emphasis added)—makes this merely a doctor's recommendation, not a medical opinion. However, this interpretation is not persuasive. The letter is from a treating physician to an employer, stating that the patient's work capacity is limited "[b]ecause of neurological illness." *Id.* This context of a physician's letter to an employer, plus the seriousness of the medical condition, indicates that the letter is not merely a suggestion or proposal about what would work best for the patient, but is a doctor's opinion of what amount of work, for medical reasons, the patient is able to perform. The Commissioner also argues that because Dr. Rosenbaum's opinion is from March 2006, before the alleged disability onset in July 2007, it is of reduced relevance, especially given

that plaintiff continued to work full-time through July 2007. Plaintiff, in reply, argues that other evidence, specifically his need to nap during the day, is consistent with Dr. Rosenbaum's opinion. Even assuming that Dr. Rosenbaum's opinion merits less weight due to these concerns, his opinion still changes the record as a whole and must be considered. Further, the medical record, from the alleged disability onset date through the end of the relevant period and on through to the most recent entries, supports the limitations that plaintiff has suffered from MS and associated symptoms and that Dr. Rosenbaum endorsed in 2006. *E.g.*, 303-07 (July 28, 2005); 300-02 (Oct. 3, 2005); 294-96 (Mar. 17, 2006); 288-90 (Oct. 8, 2007); 327-28 (June 9, 2008); 416-18 (Nov. 20 & 25, 2009); 452-54 (Apr. 27 & 28, 2011); 391-98 (Apr. 23 & 27, 2012); 390 (Nov. 13, 2012); 499-501 (May 15 & Dec. 17. 2013); 528-34 (Jan. 21 & 24, 2014). On remand, the ALJ must consider the appropriate weight to assign Dr. Rosenbaum's opinion, but the ALJ must nonetheless reevaluate the entire record including this opinion.

Because the Commissioner failed to consider Dr. Rosenbaum's opinion, her decision was not based on the entire record. On remand, the ALJ shall consider Dr. Rosenbaum's opinion, and whether it establishes that plaintiff is incapable of maintaining full-time employment.[4]

---

[4] The Court observes that the ALJ's assessed RFC (specifically, to perform light work, with limitations on lifting and carrying, on exposure to heat and hazards, on public interaction, and on visual acuity, but with the finding that plaintiff "can stand and/or walk with normal breaks approximately six of eight hours in the day," and that "[t]here are no specific sitting limitations," Tr. 29) does not account for plaintiff's fatigue. The medical record is consistent that plaintiff suffers from fatigue due to MS, which the ALJ found to be a severe impairment at step two. The ALJ also found that plaintiff "consistently experienced MS symptoms such as . . . fatigue . . . ," Tr. 30, and that plaintiff's "fatigue problems necessitate further limitations" than state agency consulting physicians assessed, Tr. 31. Plaintiff's wife's testimony, discussed above, also supports the claimed level of fatigue and resulting need to nap. Tr. 63-81. On remand, because the ALJ must consider Somervell's testimony and Dr. Rosenbaum's opinions, and thus must reassess plaintiff's RFC as implicated by that testimony, the ALJ shall also reevaluate the degree to which plaintiff's RFC must account for the fatigue indicated by this evidence and by the medical record as a whole. This shall include consideration of the VE's testimony that a "hypothetical claimant [who], because of a combination of limitations from medically-

## III. Remand

It lies within the district court's discretion whether to remand for further proceedings or to order an immediate award of benefits. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful. Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (citation and italics omitted). This "credit-as-true" rule, *Garrison*, 759 F.3d at 1020, has three steps: first, the court "ask[s] whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion"; second, if the ALJ has erred, the court "determine[s] whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful"; and third, if the court "conclude[s] that no outstanding issues remain and further proceedings would not be useful," it may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceeding." *Treichler v. Comm'r*, 775 F.3d 1090, 1100-01 (9th Cir. 2014) (quotations, citations, and alterations omitted). The court may then "remand to an ALJ with instructions to calculate and award benefits." *Garrison*, 759 F.3d at 1020.

At the first step of the credit-as-true analysis, the Court finds that the ALJ erred in not properly considering Somervell's testimony. The Commissioner then erred in not considering

---

determinable impairments, were absent from the workplace at unpredictable times that such rose to the level of four to eight hours a week" would not be able to "sustain[] competitive employment" in any field, Tr. 85, and whether plaintiff is thus incapable of full-time work.

Dr. Rosenbaum's medical opinion. At step two, the Court finds that there remain outstanding issues to be determined and that further administrative proceedings would be useful, specifically, regarding whether and how much to credit Somervell's testimony and Dr. Rosenbaum's opinion. Remand for immediate award of benefits is not appropriate. The Court thus remands for further proceedings in accordance with this Opinion and Order.

## CONCLUSION

For these reasons, the Court finds that the Commissioner's decision did not properly consider lay third party testimony or medical expert opinion. On remand, the ALJ shall fully consider Somervell's testimony and determine how much weight to assign it, if any; shall consider Dr. Rosenbaum's opinion, and whether it establishes that plaintiff is incapable of maintaining full-time employment; and shall reassess plaintiff's RFC in accordance with this evidence, with the discussion in this Opinion and Order, and with the VE's testimony regarding a hypothetical claimant absent from work with the frequency described above. Pursuant to 42 U.S.C. § 405(g), sentence four, the Court REVERSES the Commissioner's decision and REMANDS for further administrative proceedings.

IT IS SO ORDERED.

DATED this 24th day of August, 2017.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge