IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

STEPHEN M..,[1]

        Plaintiff,

     v.

COMMISSIONER,
Social Security Administration,

        Defendant.

Case No. 3:16-cv-02000-SU

**OPINION
AND ORDER**

SULLIVAN, United States Magistrate Judge:

    Before the Court is plaintiff's unopposed Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b). *See* Pl.'s Mot. Att'y Fees ("Pl.'s Mot.") (Docket No. 26). Although plaintiff is the claimant in this social security disability appeal, the real party interest to this motion is his attorney, Scott A. Sell ("counsel"). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. §

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and last name initial of non-government parties and their immediate family members.

Page 1 - OPINION AND ORDER

636(c). *See* (Docket No. 4). The Commissioner of the Social Security Administration ("Commissioner") does not oppose the motion, but plays a role "resembling that of a trustee for [plaintiff]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). Having reviewed the file and the fees sought, the Court concludes counsel is entitled to fees under Section 406(b) and the motion is GRANTED.

## PROCEDURAL BACKGROUND

On October 17, 2016, plaintiff sought review of the Commissioner's decision denying his disability application and filed a Complaint in this Court. (Docket No. 1). On August 24, 2017, after briefing from the parties, the Court issued an Opinion and Order ("O&O") reversing the Commissioner's decision and entered judgment remanding the appeal for further administrative proceedings. (Docket Nos. 16–20).

On December 12, 2017, the Court granted a Stipulated Application for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), in the amount of $5,876.74 (Docket No. 25).

Between March and August 2019, the Commissioner issued three Notices of Award entitling plaintiff and his children to benefits in the amount of $225,160. (Docket 26-1); *see also* (Docket No. 26-4 (spreadsheet calculating total sum of retroactive benefits due to plaintiff and his dependent children[2])). On October 3, 2019, plaintiff filed the instant Motion for Approval of

---

[2] Although not cited by counsel, courts have held that an attorney may combine a claimant's past-due benefits with "monthly child's benefits" for purposes of attorney's fees under § 406(b). *See Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666, 677 (S.D.N.Y. 2010); *see also Swanberg v. Astrue*, 2009 WL 1382290, at *2 (D. Neb. May 15, 2009) (granting § 406(b) request that included the claimant's "past-due benefits" and "monthly child's benefit"); *Watkins v. Astrue*, 2012 WL 512676, at *1 (N.D. Fla. Jan. 17, 2012) (recommending the same), *report and recommendation adopted*, 2012 WL 512624 (N.D. Fla. Feb. 15, 2012).

Page 2 - OPINION AND ORDER

Attorney Fees Pursuant to 42 U.S.C. § 406(b) in the amount of $40,000.09, less the $5,876.74 EAJA fee, for a net award of $34,123.35. Pl.'s Mot. 4.

## LEGAL STANDARD

After entering a judgment in favor of a Social Security claimant represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). District courts approach § 406(b) fee determinations "'by looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (quoting *Gisbrecht*, 535 U.S. at 808). In testing the reasonableness of a fee, courts consider "the character of the representation and the results the representative achieved." *Crawford,* 586 F.3d at 1149 (quoting *Gisbrecht*, 535 U.S. at 808). A reduction in fees is appropriate where counsel has engaged in "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.* (citing *Gisbrecht*, 535 U.S. at 808). When a court approves both an EAJA fee award and a § 406(b) fee payment, the claimant's attorney must refund to the claimant the lesser of the two payments. *Gisbrecht*, 535 U.S. at 796.

## DISCUSSION

Counsel requests a fee of $40,000.09. The Court first examines the fee agreement to ensure its compliance with the relevant statutory provision and then surveys the character of the representation and the results achieved.

**I.      Fee Agreement**

Under *Gisbrecht*, the Court must first examine the contingent fee agreement to ensure its compliance with the statutory twenty-five percent cap mandated by Congress. 535 U.S. at 808.

Plaintiff and his attorney executed a contingent-fee agreement in which they agreed that, should counsel succeed in obtaining payment of past-due benefits, plaintiff would pay twenty-five percent of the retroactive benefits awarded as a fee. (Docket No. 26-2). The terms of this agreement are thus within the statute's limits.

Next, the Court must confirm that the fee requested does not exceed the statute's twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be paid to plaintiff. Counsel provided three separate documents from the Commissioner entitled "Notice of Award," which details the retroactive benefits due to plaintiff and his children. (Docket No. 26-1); *see also* (Docket No. 26-4) (spreadsheet calculating retroactive benefits for each Notice of Award totaling $225,160 and withholding $56,289.88 for potential § 406(b) fees). Counsel seeks $40,000.09, which is approximately 17.76% of the amount of retroactive benefits. Therefore, counsel's request falls well below the statutory ceiling.

## II. Reasonableness Factors

### A. Attorney Performance

Substandard performance by a legal representative may warrant a reduction in a § 406(b) fee award. *Crawford*, 586 F.3d at 1151. Courts may also look to the results achieved. *Id*. The record in this case provides no basis for a reduction in the requested § 406(b) fee. In fact, nothing in the record "suggests that counsels' performance was anything other than excellent." *Id.* After full briefing on the merits, plaintiff prevailed on each issue he raised on appeal and obtained a remand that resulted in the Commissioner ultimately awarding benefits.

### B. Undue Delay

A court may reduce a § 406(b) award for delays in proceedings attributable to claimant's counsel. *Crawford*, 586 F.3d at 1151. The reduction may be appropriate "so that the attorney will

Page 4 - OPINION AND ORDER

not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808 (citation omitted).

Here, plaintiff observed all case management deadlines set by the Court, including the timely filing of his Opening Brief and Reply Brief. (Docket Nos. 16 & 18). The pendency of this action therefore did not present any undue delay. Accordingly, a reduction of counsel's fee request is not warranted under this factor.

### C. Proportionality

Finally, a district court may reduce a § 406(b) award if the "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808 (explaining that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is" warranted)).

Counsel reports 42.84 hours spent representing plaintiff in this matter. Pl.'s Mot. at 2–3; *see also* (Docket 26-3) (attorney timesheet). Courts in this District have routinely found approximately thirty to forty hours spent on social security appeals is reasonable. *See, e.g.*, *Milliron v. Colvin*, No. 3:11-cv-00656-HU, 2014 WL 3728709, at *3 (D. Or. July 25, 2014) (approximately 36 hours); *Alter v. Colvin*, No. 1:12-cv-00737-AC, 2014 WL 3486143, at *2 (D. Or. July 11, 2014) (33.2 hours); *Town v. Astrue*, No. 3:10-cv-01301-AC, 2013 WL 2902633, at *4 (D. Or. June 11, 2013) (40.8 hours).

As noted, plaintiff's attorney seeks approximately 17.76%—$40,000.09—of the retroactive benefit award in attorney fees for his representation of plaintiff. This results in an effective hourly rate of approximately $933.71. Courts in this District have approved hourly rates of $1,000 or more. *See, e.g.*, *Quinnin v. Colvin*, No. 1:12-cv-01133-SI, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013) (approving as reasonable "a *de facto* hourly rate for attorney time of

$1,240"); *Ali v. Comm'r*, No. 3:10-cv-01232-CL, 2013 WL 3819867, at *3 (D. Or. July 21, 2013) (approving an effective hourly rate of $1,000); *Breedlove v. Astrue*, No. 3:07-cv-1743-AC, 2011 WL 2531174, at *8 (D. Or. June 24, 2011) (approving an effective hourly rate of $1,041.84).

The Court finds the hours expended and effective hourly rate reasonable given the "complexity [of this case] and risk involved[.]" *Crawford*, 586 F.3d at 1152. Here, plaintiff's Opening Brief identified two assignments of error. *See* Pl.'s Opening Br. (Docket No. 16). The Court finds the complexity of this case was average and therefore no reduction of fees is warranted. The Court further finds that a reduction is not warranted based on risk. Counsel assumed "significant risk" in accepting this case, including the "risk that no benefits would be awarded." *Crawford*, 586 F.3d at 1151–52.

In sum, the Court finds counsel has "met [his] burden to demonstrate that the fees [he] requested were reasonable." *Id*. at 1151.

## CONCLUSION

For the reasons above, plaintiff's Motion for Approval of Attorney Fees pursuant to 42 U.S.C. § 406(b) is GRANTED, in the amount of $40,000.09. Because counsel was already awarded fees of $5,876.74 under the EAJA, counsel is entitled to the net amount of $34,123.35, less any administrative assessment.

DATED this 6th day of November 2019.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge